# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 15, 2010

141309

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellant,

v

JUSTIN JAMES SCHULTZ,
   Defendant-Appellee.

Marilyn Kelly,
*Chief Justice*

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
*Justices*

SC: 141309
COA: 290344
Newaygo CC: 2002-007769-FH

_____/

On order of the Court, the application for leave to appeal the May 4, 2010 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I respectfully dissent from the Court's order denying the prosecution's application for leave to appeal. I believe that the Court of Appeals may have erred in holding that the trial court abused its discretion in setting aside the order expunging defendant's involuntary manslaughter conviction. I would grant leave to appeal to consider the matter.

In 2002, defendant pleaded no contest to involuntary manslaughter as a result of an altercation in which defendant, after consuming alcohol at a party, punched the victim who fell down a stairwell and suffered injuries resulting in his death. The trial court sentenced defendant to a term of three years probation in January 2003, and defendant was later discharged from probation in January 2006.

In February 2008, the trial court granted defendant's petition under MCL 780.621 to set aside his involuntary manslaughter conviction. Several months thereafter, defendant was arrested and charged with aggravated assault for punching a man at a wedding reception. According to the prosecution, the incident was quite similar to the 2002 incident because defendant had been consuming alcohol and "sucker punched" a man he did not know. Defendant subsequently pleaded guilty to aggravated assault.

The prosecution then filed a motion for relief from judgment under MCR 2.612, requesting the trial court to reinstate defendant's involuntary manslaughter conviction. The trial court granted the motion under MCR 2.612(C)(1)(c), which provides in pertinent part:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> * * *
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

The trial court reasoned that a failure to grant the prosecution's motion would "be essentially a fraud on the public." Transcript of Motion Hearing, September 30, 2008, p 14. The Court of Appeals reversed on the basis that the trial court abused its discretion in setting aside the expungement order on the basis of MCR 2.612(C)(1)(c). The prosecution then sought leave to appeal with this Court.

I agree with the Court of Appeals that the prosecution did not establish evidence of fraud, misrepresentation, or other misconduct within the meaning of MCR 2.612(C)(1)(c). However, MCR 2.612(C)(1)(f) permits a trial court to grant a motion for relief from judgment for "[a]ny other reason justifying relief from the operation of the judgment." Further, MCL 780.621 provides, in relevant part:

> (1) Except as provided in subsection (2), a person who is convicted of not more than 1 offense may file an application with the convicting court for the entry of an order setting aside the conviction.
>
> * * *
>
> (9) If the court determines that the circumstances and behavior of the applicant from the date of the applicant's conviction to the filing of the application warrant setting aside the conviction and that setting aside the conviction is consistent with the public welfare, the court may enter an order setting aside the conviction. *The setting aside of a conviction under this act is a privilege and conditional and is not a right.* [Emphasis added.]

In my view, the language of MCL 780.621(9), which sets forth that "[t]he setting aside of a conviction under this act is a privilege and conditional and is not a right," permits a trial court discretion to reinstate an expunged conviction. Therefore, under MCR 2.612(C)(1)(f), and in light of the language in MCL 780.621(9), the trial court's decision to set aside the order expunging defendant's involuntary manslaughter conviction was within the range of principled outcomes when considering defendant's

subsequent conviction of an additional offense involving assault.  See *People v Blackston*, 481 Mich 451, 467 (2008).  Thus, despite its failure to cite to the appropriate provision of the court rule, the trial court did not abuse its discretion.  Accordingly, I respectfully dissent from this Court's order denying leave to appeal and would grant leave.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 15, 2010

Clerk

p1012